IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NNENA IRO, | § | |
|     Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 4:21-CV-632-O |
| | § | |
| MICHAEL CARR, Warden, | § | |
| FMC-Carswell, | § | |
|     Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Nnena Iro, a federal prisoner confined at FMC-Carswell, against Michael Carr, warden of FMC-Carswell, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for failure to exhaust administrative remedies.

**I. BACKGROUND**

Petitioner is serving an 84-month term of imprisonment for her 2019 conviction in the United States District Court for the Southern District of Texas for conspiracy to commit health care fraud. J., United States v. Iro, No. 4:16-cr-00262-001, ECF No. 42. Her projected release date is April 22, 2025. Resp't's Resp. 1, ECF No. 8. In this petition, Petitioner complains that the Bureau of Prisons (BOP) will not start calculating earned time credits for evidence-based recidivism reduction programs and productive activities under the First Step Act until January 2022. Pet. 3, ECF No. 1.

**II. ISSUES**

Petitioner claims that

(1)     The First Step Act (FSA) was enacted on December 21, 2018. Congress set fourth its clear intention through the plain language of sections 101 and 102,

        the amendments relating to the application of earned time credits and implementation of the system that calculates those shall take effect beginning 210 days from its enactment, which occured [sic] on July 19, 2019.

(2)     [She] has earned a total of 1646 days of earned time credits.

(3)     [She] was determined by BOP to have a minimum PATTERN score in November 2019 and in May 2020.

(4)     [She] has earned 4 years of earned time credits. These earned time credits once credited to her sentence computation will result in [her] completing roughly four years of her sentence at a minimum and six years maximum.

Pet. 8–9, ECF No. 1. Petitioner requests that the Court "order the BOP to immediately calculate the earned time credits that she is entitled to pursuant to the First Step Act of 2018 and apply those credits to her sentence computation consistent with FSA." *Id.* at 9. Respondent asserts that the petition should be dismissed because Petitioner did not exhaust her administrative remedies and because she is not entitled to the relief she seeks. Resp't's Resp. 1–7, ECF No. 8.

## III. DISCUSSION

### A. The FSA

The First Step Act of 2018 (FSA), enacted on December 21, 2018, provides, among other things, for a system allowing eligible prisoners to earn time credits toward time in prerelease custody or supervised release for successfully completing evidence-based recidivism reduction programming or productive activities. 18 U.S.C. § 3632(d)(4)(A). Under the FSA, the Attorney General was charged with creating a new risk and needs assessment system, entitled "Prisoner Assessment Tool Targeting Estimated Risk and Needs"

2

(PATTERN), to assess the recidivism risk of each prisoner and assign appropriate programing and activities to him/her based on various factors. *See* U.S. DEP'T OF JUSTICE, OFF. OF THE ATT'Y GEN., The First Step Act of 2018: Risk and Needs Assessment System (July 19, 2019), https://www.nij.gov/documents/the-first-step-act-of-2018-risk-and-needs-assessment-system.pdf. Although the FSA required the BOP to "begin to assign prisoners to the appropriate evidence-based recidivism reduction programs based on that determination" and "begin to expand the effective evidence-based recidivism reduction programs and productive activities it offers" by January 15, 2020, the FSA provides a two-year phase-in period for the BOP to "provide such evidence-based recidivism reduction programs and productive activities to all prisoners." 18 U.S.C. § 3621(h)(2). Furthermore, the BOP has determined that FSA time credits "may only be earned for completion of assigned programs and activities authorized by BOP and successfully completed on or after January 15, 2020." *See* U.S. DEP'T OF JUSTICE, FED. BUR. OF PRISONS, https://www.bop.gov/inmates/fsa/faq.jsp#fsa_time_credits. Prisoners that successfully complete his/her assigned programs and activities "shall earn 10 days of time credits for every 30 days of successful participation." 18 U.S.C. § 3632(d)(4)(A). Additionally, a prisoner determined "to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." *Id.* § 3632(d)(4)(A)(ii).

 **B. Exhaustion**

Respondent asserts that the petition should be dismissed because Petitioner failed to exhaust her administrative remedies. Resp't's Resp. 1–3, ECF No. 8. Federal prisoners must exhaust administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241. *Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir. 1994). Judicial enforcement of the administrative exhaustion requirement promotes judicial efficiency and conserves scarce judicial resources, allows the agency time to develop the necessary factual background and apply its specific expertise, and discourages the deliberate flouting of the administrative process. *McKart v. United States,* 395 U.S. 185, 193–95 (1969).

The administrative remedy procedure for federal prisoners is provided at 28 C.F.R. §§ 542.10-542.19. *See United States v. Wilson,* 503 U.S. 329, 335 (1992). Under this administrative procedure, if informal resolution fails, the inmate must pursue a three-level process within the prescribed time intervals. Typically, the inmate must formally appeal to the Warden, via a Request for Administrative Remedy, commonly referred to as a BP-9; then to the Regional Director, via a form commonly referred to as a BP-10; and finally to the Office of General Counsel, via a form commonly referred to as a BP-11. Administrative remedies have not been exhausted until the inmate's claim has been filed at all levels and has been denied at all levels. *See* 28 C.F.R. § 542.15; *Rourke v. Thompson,* 11 F.3d 47, 49 (5th Cir. 1993). Exceptions to the exhaustion requirement apply only in "extraordinary circumstances" when administrative remedies are "unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller,* 11 F.3d at 62. The petitioner bears the burden of showing the

4

futility of exhaustion. *Id.*

Petitioner indicates that she sought an administrative remedy but that her staff counselor "refused to give [her] an informal resolution form (Form 8.5)—Request denied." Pet. 3, ECF No. 1. According to Petitioner,

> [t]he Administrative process is futile if the initial informal complaint form is NOT given or answered. The next level, a BP-9, requires the answer to the informal complaint, form 8.5, as a condition to provide a response. Without the form 8.5, the BP-9 will be rejected unanswered, and the rejection process is continued at every level afterwards.

*Id.* at 4 (emphasis in original).

"If the institutional authorities refuse to provide a prisoner with the forms needed to exhaust administrative remedies, then those remedies are not 'available' to the prisoner." *Aceves v. Swanson,* 75 F. App'x. 295, 2003 WL 22144138, at * (5th Cir. Sept. 17, 2003). Petitioner, however, presents no evidence in support of her allegation that she sought a form 8.5, but her staff counselor denied the request, or that any attempt to exhaust would be futile. Furthermore, exhaustion of administrative remedies would serve to develop the relevant factual record as to any decisions the BOP may make unique to Petitioner's case, such as the actual number of days of credits she has accumulated, if any, and the number of days by which the credits reduce her sentence, and to resolve any factual disputes. For example, Petitioner asserts that she has successfully completed 51 classes of qualifying programs and/or activities and is entitled to 1646 days of earned time credits and that the application of those credits "to her sentence computation will result in [her] completing 50% of her sentence, making her eligible for release to home confinement pursuant to the CARES Act," while

5

Respondent asserts that only three of those programs or activities listed on her program review documentation were completed after January 15, 2020, the date that the programs or activities became eligible for earned time credits, and that none of those classes are among the BOP's FSA Approved Programs Guide and are, thus, not eligible for earned time credits. Pet. 9, ECF No. 1; Resp't's Resp. 5–6, ECF No. 8.

The overwhelming majority of courts in other districts to have considered the issue have agreed that exhaustion of administrative remedies is required to assist in developing the relevant facts and legal issues. *See, e.g., Rominger v. Spaulding,* No. 1:21-CV-00943, 2021 WL 2894760, at *2–3 (M.D.Pa. July 9, 2021), *appeal filed,* No. 21-2527 (3d Cir. Aug. 17, 2021); *Toussaint v. Knight,* No. 6:21-CV-00764-HMH-KFM, 2021 WL 2635887, at *3–4 (D.S.C. June 4, 2021), *R. & R. adopted,* 2021 WL 5479 (D.S.C. Jun 25, 2021); *Workman v. Cox,* No. 4:20-CV-04197-LLP, 2021 WL 1080396, at *1–3 (D.S.D. Jan. 13, 2021), *R. & R. adopted,* 2021 WL 1060205, (D.S.D. Mar. 18, 2021); *Salter v. Fikes,* No. 20-CV-2253, 2021 WL 2365041, at *5–6 (D.Minn. May 5, 2021), *R. & R. adopted,* 2021 WL 2354934 (D.Minn. June 9, 2021); *Owens v. Joseph,* No. 3:20-CV-6008-LC-TTC, 2021 WL 3476621, at *1–3 (N.D.Fla. Apr. 19, 2021), *R. & R. adopted,* 2021 WL 3472837 (N.D.Fla. Aug. 5, 2021); *Cohen v. United States,* No. 20-CV-10833, 2021 WL 1549917, at *4 (S.D.N.Y. Apr. 20, 2021).

Because Petitioner failed to exhaust her administrative remedies as to the claims raised, or demonstrate the futility of exhaustion, the petition should be dismissed so that she may pursue her administrative remedies.

## III. CONCLUSION

For the reasons discussed, the Court **DISMISSES** Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice for failure to exhaust administrative remedies. Petitioner's application to proceed in district court without prepaying fees or costs (ECF No. 2) is **DENIED** as moot as the filing fee for habeas-corpus petitions was tendered to the court. Petitioner's reply (ECF No. 10) is not considered as it exceeds the page-limitation for reply briefs. *See* N.D. TEX. L. CIV. R. 7.2(c).

**SO ORDERED** on this 10th day of September, 2021.

_Reed O'Connor_
**UNITED STATES DISTRICT JUDGE**